UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PRECISION FRANCHISING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00916 (AJT/IDD) |
| | ) |
| SSAC, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendants SSAC, LLC and Andy Conger ("Motion"), pursuant to Federal Rule of Civil Procedure 55(b)(2). Dkt. No. 20. After no licensed attorney for Defendants appeared at the hearing on December 6, 2019, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that the Motion be **GRANTED**.

## I. INTRODUCTION

On July 12, 2019, Plaintiff, Precision Franchising LLC ("PFL"), filed its Complaint alleging that Defendants, SSAC, LLC and Andy Conger (respectively, "SSAC" and "Conger"), breached the Franchise Agreement between Plaintiff and Defendants. Dkt. No. 1. In its Complaint, Plaintiff seeks monetary damages, a declaration that the Franchise Agreement is terminated, costs and attorney's fees. Compl. ¶¶ 61(a-e).

1

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. Compl. ¶¶ 3, 4, 5.

This Court has personal jurisdiction over Defendants pursuant to Virginia's long-arm statute. *See id.* ¶ 6. Specifically, personal jurisdiction may be exercised over a corporation "transacting any business" in Virginia. *See* Va. Code § 8.01-328.1(A)(1). Defendants "transacted business" in Virginia by entering into the Franchise Agreement with Plaintiff in this district, and the Franchise Agreement states that Defendants submit to jurisdiction of this Court. Compl. ¶ 6. The Franchise Agreement gives rise to Plaintiff's suit. Therefore, this Court has jurisdiction over the matter.

Because Defendants are subject to personal jurisdiction here, Defendants are "deemed to reside" in this judicial district. *See* 28 U.S.C. § 1391(c)(2). Also, a substantial part of the events or omissions giving rise to the claims occurred in this district. Compl. ¶ 7. Accordingly, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## B. Service of Process

Rule 4(h) governs service upon corporations, partnerships, and other unincorporated associations and allows service by following state law where the district court is located. Fed. R. Civ. P. 4(h)(1)(A). Rule 4(h)(1)(B) allows a party to serve a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B). On July 19, 2019, Plaintiff through a process server, served Andy Conger, the sole member of SSAC. Dkt. No. 5. Therefore, Plaintiff properly served Defendants.

### C. Grounds for Default

Plaintiff filed its Complaint on July 12, 2019. Dkt. No. 1. Defendants have failed to appear, answer, or file any other responsive pleadings in this matter. On October 1, 2019, Plaintiff filed a Request for Entry of Default with the Clerk of Court. Dkt. No. 16. The Clerk entered Default against Defendants on October 4, 2019. Dkt. No. 17. On November 13, 2019, Plaintiff filed its Motion for Default Judgment, and the Court held a hearing on the matter on December 6, 2019. Dkt. Nos. 20, 21. After no licensed attorney for Defendants appeared at the hearing on the Motion, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff is a limited liability company organized under the laws of Virginia and is the franchisor of Precision Tune Auto Care system. Compl. ¶¶ 1, 3, 9. Defendant SSAC is a limited liability company organized under the laws of Arkansas and is the franchisee of the pre-existing Precision Tune Auto Care Center (the "Center") located at 1848 B. East Highland Drive, Jonesboro, Arkansas 72401. *Id.* ¶¶ 4, 9, 10. On September 1, 2010, Defendants entered into a consent agreement to take over the Center, transferring ownership from Mining Placements, Inc., Max Steiner, and Sandra Steiner to Defendants. *Id.* ¶ 10. Defendant SSAC then entered into a Franchise Agreement with Plaintiff for operation of the Center, originally located at 1848 B. East Highland Drive, Jonesboro, Arkansas, and then later relocated at 4614 South Stadium Boulevard, Jonesboro, Arkansas. *Id.* ¶ 11. Also, on September 1, 2010, Defendant Conger executed a Guaranty Agreement, agreeing to be bound by any and all provisions of the Franchise Agreement. *Id.* ¶ 12.

3

Under the Franchise Agreement, Defendants assumed the rights and obligations to operate the Center using the trade name, trademarks, and trade dress of Precision Tune Auto Care. *Id.* ¶ 13. Paragraph 12.5 of the Franchise Agreement states that Defendants agreed that Plaintiff has the right at all times to examine and copy the books, records, and tax returns of Plaintiff's franchised business, as well as conduct an independent audit. *Id.* ¶ 14. Under paragraph 12.1 of the Franchise Agreement, Defendants agreed to preserve all records for at least three years. *Id.* ¶ 15. Defendants were required to submit to Plaintiff a weekly remittance report reflecting all gross sales during the preceding week. *Id.* ¶ 16. The Franchise Agreement also required Defendants to pay Plaintiff an operating fee equal to 7.5% of the weekly gross sales and advertising fees equal to 9% of weekly gross sales but not less than $360 per week. *Id.* ¶¶ 17-18. Pursuant to paragraph 15.2 of the Franchise Agreement, Defendants agreed that they would be in default if they failed to promptly pay advertising or operating fees when due, or other amounts owed to Plaintiff or its affiliates arising out of the Franchise Agreement. *Id.* ¶ 19. Defendants agreed to display and use signage and operate the Center for a minimum numbers of hours, all in conformity with Plaintiff's standards, and that failure to so would result in Defendants being in default of the Franchise Agreement. *Id.* ¶¶ 20-22.

Under paragraph 15.1.2 of the Franchise Agreement, Defendants agreed that they would be considered in default of the Franchise Agreement if they ceased to operate, lost the legal right to continue to operate, or otherwise abandoned the Center. *Id.* ¶ 24. Defendants agreed that such a default would grant Plaintiff the option to terminate upon notice without providing Defendants an opportunity to cure. *Id.* Defendants also agreed that in the event of default, Defendants "shall pay Franchisor all costs and expenses, including reasonable legal and accounting fees, incurred by Franchisor in connection with obtaining damages or other injunctive relief for the enforcement of

4

any provisions of this Agreement or for the defense of any unsuccessful action or counter claim made by Franchisee." *Id.* ¶ 25. When the Franchise Agreement was executed, Defendant Conger also executed a Guaranty Agreement personally guaranteeing Defendant SSAC's obligations under the Franchise Agreement. *Id.* ¶ 26. Under the Guaranty Agreement, Defendant Conger agreed to pay all court costs, reasonable attorney's fees, as well as all expenses incurred by Plaintiff in the event that Plaintiff took legal action to enforce Defendants' liabilities. *Id.*

Plaintiff hired an independent auditor to conduct an audit of Defendants' business and the independent auditor found that Defendants failed to maintain and complete accurate books for 2017 and 2018. *Id.* ¶ 28. The independent auditor also found that Defendants underreported gross sales from 2013 through 2018. *Id.* ¶ 29. Defendants also underpaid Plaintiff operating and advertising fees pursuant to the Franchise Agreement and Defendants failed to pay a portion of their required advertising and promotional expenditures during 2013 and paid nothing on local advertising from 2014 through 2018. *Id.* ¶¶ 30-31. Plaintiff alleges that Defendants' failure to make the required expenditures deprived Plaintiff of goodwill and brand recognition and caused suppressed sales. *Id.* ¶ 32. Further, a Precision Tune Auto Care sign is facing the wrong direction at the Center and this placement was not authorized by Plaintiff. *Id.* ¶ 33. Based off visits and phone calls, the Center is not in continuous operation. *Id.* ¶ 34. The foregoing breaches have caused Plaintiff to suffer injury and damages in excess of $75,000. *Id.* ¶ 35.

### III. **EVALUATION OF PLAINTIFF'S COMPLAINT**

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend. *See Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). Foremost, a court must be satisfied that the complaint states a legitimate cause of action.

5

*See Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 506 (4th Cir. 1998) (holding that the district court erred in granting default judgment to the plaintiff where the plaintiff failed to state a valid claim). A defendant in default concedes the factual allegations of the complaint and is barred from contesting them on appeal. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint). Default does not, however, constitute an admission of the adversary's conclusions of law, and it is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a Plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### A. Liability

Plaintiff's Complaint asserts six claims against Defendants: breach of contract for underreporting sales and underpaying required fees (Count I); breach of contract for failing to make required marketing expenditures (Count II); breach of contract for failing to maintain proper records (Count III); breach of contract for failing to use approved signage (Count IV); breach of contract for failing to keep the Center open for required business hours (Count V); and declaratory judgment that Defendants' Franchise Agreement has been terminated (Count VI). Compl. ¶¶ 37–61.

#### 1. Counts I, II, III, IV, and V: Breach of Contract

Plaintiff seeks to recover on breach of contract claims. Under Virginia law, in pleading an action for a breach of contract, the plaintiff must demonstrate: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of the obligation; and (3) an injury or harm to the plaintiff caused by the defendant's breach." *Va. Elec. & Power Co. v. Bransen Energy, Inc.* 850 F.3d 645, 655 (4th Cir. 2017) (citing to *Navar, Inc. v. Fed. Bus. Council*, 291 Va. 338 (2016)). A plaintiff must prove these damages with reasonable certainty. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009). Contingent, speculative, and uncertain damages are not recoverable. *Id.*

Here, the undersigned finds that Plaintiff alleged sufficient facts to demonstrate that it entered into a legally enforceable obligation with Defendants. Plaintiff and Defendants entered into the Consent Agreement, the Franchise Agreement, and the Guaranty Agreement (hereinafter "Agreements") all on September 1, 2010. Compl., Ex-A, Dkt. No. 1-1. The contractual obligations under the Franchise Agreement provide that Defendants submit weekly remittance reports of all gross sales from the previous week and pay an operating fee of 7.5% and an advertising fee of 9%,

7

of the Center's weekly gross sales. Compl. ¶¶ 16-18. According to the Franchise Agreement, failure to follow these provisions would place Defendants in default. Compl. ¶ 19; Dkt. No. 1-1 ¶ 15.3. The Franchise Agreement also provides that Defendants agree to display and use signage in conformity with the standards prescribed by Plaintiff and that Defendants agree to operate the Center for a minimum number of hours and days as specified by Plaintiff. Compl. ¶¶ 20-21; Dkt. No. 1-1 ¶ 11.2.1. Failure to display and use signage and operate the Center for a minimum number of hours and days as specified by Plaintiff would place Defendants in default. Compl. ¶ 22; Dkt. No. 1-1 ¶ 15.3.2. Under the Franchise Agreement, Defendants agreed that they would be in default if they ceased to operate, lost the legal right to continue operating the business in the jurisdiction where the Center is located, or abandoned the Center without Plaintiff's prior written consent. Compl. ¶ 24; Dkt. No. 1-1 ¶ 15.1.2. Additionally, Defendants agreed that in the event of any default, Defendants shall pay Plaintiff "all costs and expenses, including reasonable legal and accounting fees, incurred by Franchisor in connection with obtaining damages . . . for the enforcement of any provisions." Compl. ¶ 25; Dkt. No. 1-1 ¶ 17.2. As stated above, Defendant Conger executed a Guaranty Agreement, guaranteeing Defendant SSAC obligations under the Franchise Agreement. Compl. ¶¶ 12, 26; Dkt. No. 1-1 at 12, 48-50.

Defendants breached the Agreements by underreporting gross sales and underpaying Plaintiff operating and advertising fees. Compl. ¶¶ 29-30. Defendants also breached by failing to make required and local advertising and promotional expenditures on sales Defendants reported. *Id.* ¶ 31. These material breaches deprived Plaintiff of goodwill and brand recognition, reduced Plaintiff's revenues from operating fees, and caused damages in the amount of $75,779.14.[1] *Id.* ¶

---

[1] In the Complaint, Plaintiff seeks damages "of over $75,000, exclusive of costs and attorneys' fees." Compl. ¶ 34. In their Motion for Entry of Default Judgment, Plaintiff specified that they seek damages in the amount of $75,779.14, plus attorney's fees and costs. Mot. for Entry of Default J. at 20.

32; Mot. in Supp. of Default J., Dkt. No. 20 at 18, 21. These damages are not speculative and can be proven with reasonable certainty. *See* Decl. of Robert Falconi, Dkt. No. 20-1. Therefore, the undersigned finds that Plaintiff has properly established a breach of contract claim against Defendants and recommends that Plaintiff's Motion for Default Judgment be granted as to the breach of contract claims.

### 2. Count VI: Declaratory Judgment

The Declaratory Judgment Act provides that a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The decision regarding whether to hear a federal declaratory judgment action is discretionary. *See Penn–America Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004). "A declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Id.* (citing *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996); *see also Liberty Mut. Ins. Co. v. Bishop*, 177 S.E.2d 519, 524 (Va. 1970) ("The intent of the declaratory judgment statutes is not to give parties greater rights than those which they previously possessed, but to permit the declaration of those rights before they mature . . . [T]his is with a view rather to avoid litigation than in aid of it.").

In this case, the undersigned finds that declaratory relief is appropriate because it will serve a useful purpose in clarifying the legal obligations under the Agreements. Section XV of the Franchise Agreement details the terms of default and termination between the parties. *See* Dkt. No. 1-1 at 34. Paragraph 15.1 of the Franchise Agreement states that the "Franchisee shall be

deemed to be in default, and Franchisor at its option may terminate this Agreement and all rights granted Franchisee hereunder, effective immediately upon notice to Franchisee and without affording Franchisee any opportunity to cure the default, upon the occurrence of any of the following events . . ." *Id.* Plaintiff has shown that Defendants are in default based on the provisions of the Franchise Agreement as discussed above. Plaintiff sent Defendants a notice of default and notice to cure on June 5, 2019. Compl. ¶ 58. Defendants failed to cure the defaults and therefore, pursuant to the Franchise Agreement, the Franchise Agreement is terminated. The Court's declaration that the Franchise Agreement is terminated clarifies Plaintiff's obligations to Defendants. Without such declaratory judgment, Plaintiff would be left with uncertainty, insecurity, and controversy regarding whether it had a legal obligation to continue their obligations under the Franchise Agreement. Therefore, the undersigned recommends that the Court enter a declaration stating that the Franchise Agreement is terminated.

### 3. Attorney's Fees and Costs

The Franchise Agreement provides that all costs and expenses, including reasonable legal and accounting fees shall by paid by Franchisee in the event of default. Franchise Agreement ¶ 17.2, Dkt. No. 1-1. Plaintiff has not provided an affidavit stating the exact amount for attorney's fees and costs, but Plaintiff requests that they be permitted to submit an accounting of fees and costs within fourteen (14) days after the Court enters Default Judgment. The undersigned finds this request reasonable pursuant to Rule 54(d)(2), and therefore recommends that attorney's fees and costs be awarded to Plaintiff following the Court's entry of default judgment and Plaintiff's submission of fees and costs.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be **GRANTED** to entry of default judgment against Defendants on Counts I, II, III, IV, V, and VI of the Complaint. Accordingly, the undersigned Magistrate Judge recommends that an Order be entered awarding Plaintiff direct damages in the amount of $75,779.14 and upon submission of attorney affidavits, Plaintiff is also entitled to attorney's fees and costs.

## V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record and Defendants at the following address:

SSAC LLC
c/o Andy Conger
4614 Stadium Boulevard
Jonesboro, Arkansas 72404

/s/
Ivan D. Davis
United States Magistrate Judge

July 23, 2020
Alexandria, Virginia

11